{¶ 40} I concur in the conclusion reached by both the majority and the trial court the state has not satisfied the first prong of theKastigar test. However, unlike the majority, I find the state used Appellee's Garrity Statement not only to develop derivative evidence; but also, and more significantly, made use of his Garrity Statement (albeit indirectly and in limited fashion) to secure his indictment.
 {¶ 41} Had the State's use of Appellee's Garrity Statement been limited to developing derivative evidence and not used in any manner to secure his indictment, I would concur with the majority dismissal before trial is not the appropriate remedy. My review of the case law, and more specifically the syllabus in Conrad, suggests pretrial dismissal is warranted only when the Garrity statement is used to secure an indictment or it is otherwise impossible to remove the taint on any evidence derived from it.
 {¶ 42} I believe the majority's attempt to purge the Garrity violation in this case comes too late. Upon my review of the grand jury proceedings of August 10, 2006, I conclude the State did make some use of Appellee's Garrity Statement in securing his indictment. UnderKastigar, any use is prohibited. The use need not be actual revelation of the statement itself, it includes indirect use as well. I conclude such indirect use occurred in the case sub judice, as did the trial court. The trial court specifically found Lt. Davis' testimony at the grand jury was influential in the decision of the Grand Jury to indict, citing Tr. 31, L 6-10, Tr. 32 and 33. Having reviewed Lt. Davis's entire grand jury testimony, I concur with the trial court's assessment. Having so found, as clearly pronounced by the Ohio Supreme Court inConrad, "This fact alone *Page 12 
ends the inquiry of whether use of the defendant's immunized testimony constituted error." Conrad, at 4.
 {¶ 43} Accordingly, I would affirm the trial court's decision to dismiss the indictment. *Page 1